IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JENNIFER THOMAS,

    Plaintiff,

vs.                                Case No. 10-4154-JTM

KANSAS SOCIAL AND REHABILITATION
SERVICES, MICHAEL DONNELLY, AND DON
JORDAN,

    Defendants.

MEMORANDUM AND ORDER

The Defendants' Motion to Dismiss (Dkt. No. 24) is before the court. Jennifer Thomas contends defendants violated her right to an individualized plan for employment under § 504 of the Rehabilitation Act and violated her right to due process under the Fourteenth Amendment by denying her additional Supportive Home Care hours for the benefit of her son Matthew. For the following reasons, her claims must be dismissed under the Eleventh Amendment and because she has failed to state a claim upon which relief may be granted.

**I. Termination of Services**

Jennifer Thomas became eligible for Vocational Rehabilitation Services (VR) as an individual with a disability in 2006. From that time until May 2009, childcare was provided for Ms. Thomas's four minor children, including her son Matthew, who has cerebral palsy. VR provided about 89.25 hours of childcare a month. Matthew also received Supportive Home Care Services

(SHC). Sometime before September 17, 2009, Ms. Thomas called the VR central office to ask whether additional SHC hours was a service available to a family member. She was told to contact the Disability Rights Center. On October 9, 2009, VR manager Robert Clark sent Ms. Thomas an email explaining that he had spoken to the program manager about additional SHC hours above the 56 hours per week authorized by VR. Six days later she participated in a conference call with the VR manager and it was determined that additional SHC hours were needed for her to achieve her employment goal. Mr. Clark authorized additional SHC hours as Code 950 "Services to Family Members" on November 6, 2009. On December 11, 2009, Ms. Thomas received notification of the retroactive termination of the additional SHC hours effective December 1, 2009.

Ms. Thomas filed this action on December 27, 2010, asserting a due process violation surrounding the termination of the additional SHC hours for her son. She also contends the defendants violated § 504 of the Rehabilitation Act by denying her an individualized plan for employment. She seeks summary judgment reversing the Final Order of the State Appeals Committee and a permanent injunction restraining defendants from violating her right to an individualized plan of employment. Defendants, Michael Donnelly, Don Jordan, and the Kansas Social and Rehabilitation Services have filed the present Motion to Dismiss.

**II. Michael Donnelly and Don Jordan Are Properly-Named Defendants**

First, defendants seek dismissal of Michael Donnelly and Don Jordan because they were not named defendants in the caption to the Amended Complaint. Under Fed. R. Civ. P. 10(a) "[t]he title of the complaint must name all the parties." "But in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts

may look to the body of the complaint to determine who the intended and proper defendants are." *Trackwell v. United States Government*, 472 F.3d 1242, 1243-44 (10th Cir. 2007). Although well within its discretion to dismiss the claims against Mr. Donnelly and Mr. Jordan, the court will look to the Amended Complaint. Here, it is clear Ms. Thomas intended to include Michael Donnelly and Don Jordan in the Amended Complaint. Both were named defendants in the Original Complaint (Dkt. No. 1). Further, paragraph three of the Amended Complaint specifically contains allegations of wrongdoing by Don Jordan. And paragraph 18 states that "termination was at the direction of Mike Donnelly." Therefore, the court will not dismiss the claims against Mr. Donnelly or Mr. Jordan because they were not named defendants in the caption of the Amended Complaint.

### III. Standing

Next, defendants argue Ms. Thomas lacks standing to pursue her claims on behalf of her son because she is not an attorney. The Tenth Circuit supports such an argument. In *Meeker v. Kercher*, the court held that "a minor child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney." 782 F.2d 153, 154 (10th Cir. 1986) (citing FED. R. CIV. P. 17(c) and 28 U.S.C. § 1654). Thus, to the extent Ms. Thomas is seeking to vindicate the rights of her son by obtaining additional Medicaid waiver benefits for him, she is prohibited from doing so as a non-attorney.

Ms. Thomas does not quarrel with this conclusion, rather she argues she is making a claim that "her" right to an individualized plan for employment and due process rights were violated. A liberal reading of the Amended Complaint verifies that she is seeking to enforce her rights, not Matthew's. Specifically, Ms. Thomas alleges "[d]efendant's blanket policy denying additional

3

Supportive Home Care hours to a family member violates Plaintiff's right to an individualized plan for employment . . . [and] [d]enial of services without a prior written notice and hearing are violation [sic] of Plaintiff's right to *Due Process of the fourteenth amendment to the Constitution of the United States.*" Dkt. No. 21, ¶ 1. Thus, the court will not grant the motion for lack of standing at this time.

## IV. Eleventh Amendment Immunity

Regardless of the standing issue, defendants argue Ms. Thomas's claims against the SRS must be dismissed under the Eleventh Amendment. Eleventh Amendment sovereign immunity goes to a court's subject matter jurisdiction. *See Kirby v. Dallas County Adult Prob. Dep't.*, 359 Fed. App'x 27, 32 (10th Cir. 2009); *see also Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997) ("The Amendment, in other words, enacts a sovereign immunity from suit, rather than a nonwaivable limit on the Federal Judiciary's subject-matter jurisdiction.").

"Because of the Eleventh Amendment, States may not be sued in federal court unless they consent to it in unequivocal terms or unless Congress, pursuant to a valid exercise of power, unequivocally expresses its intent to abrogate the immunity."[1] *Green v. Mansour*, 474 U.S. 64, 67-68 (1985). "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *see Ross v. Bd. of Regents of the Univ. of N.M.*, 599 F.3d 1114, 1117 (10th Cir. 2010) (holding that the Eleventh Amendment

---

[1] The Eleventh Amendment provides: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. "Even though the clear language does not so provide, the Eleventh Amendment has been interpreted to bar a suit by a citizen against the citizen's own State in Federal Court." *AMISUB (PSL), Inc. v. Colo. Dep't of Soc. Servs.*, 879 F.2d 789, 792 (10th Cir.1989) (citing *Hans v. Louisiana*, 134 U.S. 1, 10 (1890)).

barred plaintiff's suit against state agency). Therefore, the claims against the SRS must be dismissed unless the SRS consented to suit or Congress abrogated immunity. "In deciding whether a State has waived its constitutional protection under the Eleventh Amendment, we will find waiver only where stated 'by the most express language or by such overwhelming implications from the text as (will) leave no room for any other reasonable construction.'" *Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (quoting *Murray v. Wilson Distilling Co.*, 213 U.S. 151, 171 (1909)). This bar applies regardless of the type of relief sought. *Pennhurst*, 465 U.S. at 100.

Here, it is well settled that the State of Kansas has not waived its Eleventh Amendment immunity in § 1983 cases and Congress has not abrogated that immunity either. *See Sanders ex rel. Rayl v. Kan. Dep't of Soc. & Rehab. Servs.*, 317 F. Supp.2d 1233, 1241 (D. Kan. 2004). Therefore, the § 1983 claim against the SRS is dismissed. But Congress has mandated that states waive constitutional immunity as a condition to participation in programs funded by the Rehabilitation Act. *See* 42 U.S.C. § 2000d-7(a)(1) ("A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal Court for a violation of section 504 of the Rehabilitation Act . . . ."). And the Tenth Circuit has found that "by accepting federal financial assistance as specified in 42 U.S.C. § 2000d-7, states and state entities waive sovereign immunity from suit." *Robinson v. Kansas*, 295 F.3d 1183, 1190 (10th Cir. 2002) (finding Kansas had waived immunity), *overruled on other grounds by Verizon Maryland, Inc. v. Pub. Serv. Comm'n of Maryland*, 535 U.S. 635, 645 (2002). Consequently, the Rehabilitation Act claim will not be dismissed under the Eleventh Amendment.

**V. Failure to State a Claim**

Fed. R. Civ. P. 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The complaint must give the defendant adequate notice of what the plaintiff's claim is and the grounds of that claim. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). This simplified notice pleading rule is justified because of the liberal discovery rules and availability of summary judgment to dispose of unmeritorious claims. *Id.*

"In reviewing a motion to dismiss, this court must look for plausibility in the complaint . . . . Under this standard, a complaint must include 'enough facts to state a claim to relief that is plausible on its face.'" *Corder v. Lewis Palmer Sch. Dist No. 38*, 566 F.3d 1219, 1223-24 (10th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[2] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (clarifying and affirming *Twombly's* probability standard). Allegations that raise the specter of mere speculation are not enough. *Corder*, 566 F.3d at 1223-24. The court must assume that all allegations in the complaint are true. *Iqbal*, 129 S. Ct. at 1936-37. "The issue in resolving a motion such as this is 'not whether [the] plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claims.'" *Bean v. Norman*, No. 008-2422, 2010 WL 420057, at *2 (D. Kan. Jan. 29, 2010) (quoting *Swierkiewicz*, 534 U.S. at 511). The Tenth Circuit utilizes a two-step process when analyzing a motion to dismiss. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). First, the court must identify conclusory allegations not entitled to the assumption

---

[2]The prior standard under *Conley v. Gibson*, allowed dismissal only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355, U.S. 41, 45-46 (1957). In *Bell Atlantic Corp., v. Twombly*, the Supreme Court made clear that the *Conley* standard has "earned its retirement." 550 U.S. 544, 562-63 (2007).

of truth. *Id.* Second, the court must determine whether the remaining factual allegations plausibly suggest the plaintiff is entitled to relief. *Id.*

Because plaintiff is proceeding pro se, this court construes her arguments liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Price v. Philpot*, 420 F.3d 1158, 1162 (10th Cir. 2005). "[The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997). "The broad reading of the plaintiff's complaint does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

*A. Section 504*

Ms. Thomas brings her claim under Section 504[3] of the Rehabilitation Act of 1973, 29 U.S.C. §§ 701 *et seq.*, alleging that defendants' policy of denying her additional Supportive Home Care hours violates her right to an individualized plan for employment. First, Ms. Thomas does not specify whether the claims against the individual defendants were brought against them in their personal or official capacities, or both. When "the complaint fails to specify the capacity in which the government official is sued, we look to the substance of the pleadings and the course of the proceedings in order to determine whether the suit is for individual or official liability." *Pride v. Does*, 997 F.2d 712, 715 (10th Cir. 1993). Construing her Amended Complaint broadly, the court will consider the § 504 claim as asserting both personal and official capacity suits. Regardless, the § 504 claims against Mr. Jordan and Mr. Donnelly must be dismissed. Section 504 does not allow

---

[3]Courts and commentators regularly refer to the statutory section number (§ 504) when discussing this claim rather than the United States Code provision (29 U.S.C. § 794(a)). This court will do the same.

for personal capacity suits. *See, e.g.*, *Garcia v. S.U.N.Y. Health Sci. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001); *Montez v. Romer*, 32 F. Supp.2d 1235, 1240 (D. Colo. 1999); *see also Moore v. Cooksey*, 2000 WL 1838274, at *1 (10th Cir. 2000) (noting that the Rehabilitation Act does not permit actions against persons in their individual capacities). And official capacity claims against individually named defendants brought under § 504 are duplicative of the claims against the SRS, the "real party in interest." *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Thus, the § 504 claims against Mr. Jordan and Mr. Donnelly in their official and personal capacities must be dismissed. The § 504 claim proceeds against the SRS only.

The issue now becomes whether Ms. Thomas has stated a claim under § 504. The Rehabilitation Act was enacted by Congress to combat the disadvantages suffered and imposed on people with mental or physical disabilities. *See* 29 U.S.C. § 794. Section 504 provides:

> No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance or under any program or activity conducted by any Executive agency or by the United States Postal Service.

29 U.S.C. § 794(a). To establish a violation of § 504, a plaintiff must meet four requirements: "'(1) plaintiff is handicapped under the Act; (2) [she] is 'otherwise qualified' to participate in the program; (3) the program receives federal financial assistance; and (4) the program discriminates against plaintiff.'" *Barber ex rel. Barber v. Colo. Dept of Revenue*, 562 F.3d 1222, 1228 (10th Cir. 2009) (quoting *Hollonbeck v. U.S. Olympic Comm.*, 513 F.3d 1191, 1194 (10th Cir. 2008)). Ms. Thomas makes no attempt to state the elements of a § 504 claim. This court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *See Whitney*, 113 F.3d at 1173-74. Rather, upon examination of her Response,

it appears she claims the SRS violated § 504 by denying her son benefits guaranteed under Title I of the Rehabilitation Act (§ 722). Yet because Ms. Thomas has wholly failed to establish a prima facie case under § 504, she cannot state a claim under § 504, and her claim shall be dismissed.

*B. Procedural Due Process*

Ms. Thomas also contends that the "[d]enial of services without a prior notice and hearing are [sic] violation of Plaintiff's rights to *Due Process of the fourteenth amendment to the Constitution of the United States.*" Dkt. No. 21, ¶ 1 (emphasis in original). "To state a claim for a violation of due process, plaintiff must first establish that it has a protected . . . interest and, second, that defendants' actions violated that interest." (citation omitted). *Crown Point I, L.L.C. v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1216 (10th Cir. 2003). As the Tenth Circuit has stated:

> [T]he Constitution does not protect procedure for procedure's sake. The Fourteenth Amendment, by its terms, does not guarantee due process; it protects against deprivations of life, liberty, or property without due process. Unless a person asserts some basis for contesting a governmental deprivation of life, liberty, or property, he is not injured by defective procedures he has no occasion to invoke.

*Rector v. City and County of Denver*, 348 F.3d 935, 943-44 (10th Cir. 2003) (citing *Michael H. v. Gerald D.*, 491 U.S. 110, 127 n.5 (1989)).

Here, Ms. Thomas's allegations, even when viewed in the light most favorable to her and keeping in mind her pro se status, fail to state a procedural due process claim. She alleges no protected property interest in obtaining the additional Supportive Home Care hours. Nor does she contend that the procedures, if followed, would have required her to obtain the additional hours. "A property interest includes a 'legitimate claim of entitlement' to some benefit created and defined by

9

'existing rules or understandings that stem from an independent source such as state law.'" *Id.* (citing *Board of Regents v. Roth*, 408 U.S. 564, 577 (1972)). Additionally, the Amended Complaint does not assert the deprivation of a life or a liberty interest. Therefore, Ms. Thomas has failed to state a procedural due process claim.

*C. Section 1983*

Last, Ms. Thomas asserts a § 1983 claim based on the alleged violations of § 504 and the Due Process Clause of the Fourteenth Amendment. Section 1983 provides:

> Every person who under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, Suit in equity, or other proper proceeding for redress. . . .

42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." *Baker v. McCollan*, 443 U.S. 137, 145 n.3 (1979). Because Ms. Thomas has failed to state a claim under § 504 or the Due Process Clause of the Fourteenth Amendment, the court must dismiss the § 1983 claim as a matter of law.

IT IS ACCORDINGLY ORDERED this 27th day of March 2012, that Defendants' Motion to Dismiss (Dkt. No. 24) is granted for the reasons stated above.

s/ J. Thomas Marten<br>J. THOMAS MARTEN, JUDGE